

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2004

# In Re: Donald Short

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2337

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: Donald Short " (2004). *2004 Decisions.* Paper 700.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/700

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2337

IN RE: DONALD SHORT, SR., DEBTOR,
Appellant

v.

MARY M. SHORT,
Appellee

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-cv-00282)
District Judge:  Honorable Arthur J. Schwab

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2004
Before:  NYGAARD, McKEE, and WEIS, Circuit Judges.

(Filed:  May 17, 2004)
_____

OPINION
_____

WEIS, Circuit Judge.

The appellant is the debtor in possession in a Chapter 13 proceeding.  He

seeks to set aside the sale of realty owned by him and his wife as tenants by the entireties.

The appellant's unhappiness with the sale seemingly is caused by the bankruptcy judge's

refusal to issue rulings on the validity of the option used to sell the property or the applicability of a post-nuptial agreement. Apparently, these issues have some relationship to the appellant's divorce proceedings in Florida.

No stay was secured before an appeal was taken to the District Court, which dismissed the case as moot pursuant to 11 U.S.C. § 363(m). Our explanation of the mootness status of unstayed sales orders is set out in L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.), 209 F.3d 291 (3d Cir. 2000) and Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490 (3d Cir. 1998). In Krebs, we said, "there are two prerequisites for section 363(m) 'statutory' mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease." Id. at 499.

The case before us satisfies both requirements and accordingly, the appeal will be dismissed.

2